# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50221-6-II |
| Respondent, | |
| v. | |
| RANDALL GLEN BLACKMAN, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Randall G. Blackman pleaded guilty to first degree child molestation and second degree child rape.  On appeal, he challenges a number of community custody conditions.

We agree with Blackman that the sentencing court abused its discretion insofar as it required him to complete an evaluation and treatment for abuse of substances other than alcohol and that it made a scrivener's error related to one of the conditions about places where children congregate.  We further agree and accept the State's concessions that the sentencing court abused its discretion when it imposed community custody conditions that were not crime related.  However, we hold that the sentencing court was within its discretion to prohibit, as crime related, Blackman from entering locations where alcohol is the primary product.  We reverse and remand for the substance abuse evaluation and treatment condition to be narrowed to alcohol abuse

evaluation and treatment and for the other improper conditions to be stricken, and we affirm the condition regarding locations where alcohol is the primary product.

FACTS

In 2016, Blackman pleaded guilty to first degree child molestation and second degree child rape. Blackman sexually abused the victims between 2005 and 2006 and between 2008 and 2010.

The presentence investigation report summarized instances of sexual abuse that occurred in the family home. The report included that on two occasions of abuse, a victim either witnessed Blackman pass out from drinking or believed Blackman had been drinking. In the report, Blackman admitted to a history of alcohol issues, including drinking heavily beginning in 2009. His sentencing memorandum[1] summarized that the victims both reported that Blackman abused them while he was very drunk.

The sentencing court sentenced Blackman to a total of 120 months to life in confinement. Blackman's sentence included a number of community custody conditions. Relevant to this appeal, the sentencing court indicated on Blackman's judgment and sentence that it imposed the following conditions:

**The Defendant Shall—**
. . . .
• Consume no alcohol, if so directed by the [community corrections officer (CCO)].
. . . .
• Frequent no adult book stores, arcades, or places providing sexual entertainment.
• Possess/access no sexually explicit materials, and/or information pertaining to minors via computer (i.e. internet).

---

[1] Blackman also submitted to a special sex offender sentencing alternative (SSOSA), former RCW 9.94A.670 (2004), evaluation, which included a recommendation that he undergo an assessment of "alcohol and pain medications." Clerk's Papers (CP) at 68. This recommendation appeared to be based on Blackman's admission that he was taking an "unknown pain medication" at the time of his evaluation. CP at 67. The sentencing court ultimately declined Blackman's SSOSA request.

. . . .
[X] Contact no "900" telephone numbers that offer sexually explicit material. Provide copies of phone records to CCO.
. . . .
[X] Do not loiter or frequent places where children congregate including, but not limited to, shopping malls, schools, playgrounds, and video arcades.
[X] Abide by curfew set by CCO.
[X] Do not hitchhike or pick up hitchhikers.

Clerk's Papers (CP) at 90. In the judgment and sentence, the sentencing court did not check a box to indicate that Blackman had a chemical dependency that contributed to the offenses.

In appendix F to the judgment and sentence, the sentencing court also imposed the following conditions:

CRIME RELATED PROHIBITIONS:
. . . .
4.      Do not purchase, possess or consume alcohol.
5.      Do not enter any location where alcohol is the primary product, such as taverns, bars and/or liquor stores.
. . . .
12.      Obtain a substance abuse evaluation and successfully complete any and all recommended treatment.
. . . .
15.      Do not possess or access any sexually explicit material or frequent adult bookstores, arcades or places where sexual entertainment is provided.
16.      Do not access sexually explicit materials that are intended for sexual gratification.
. . . .
18.      ~~Do not go to or frequent places where children congregate, included but not limited to: i.e., fast food outlets, libraries, theaters, shopping malls, playgrounds, parks, etc., unless otherwise approved by the Court.~~
. . . .
22.      Abide by a curfew as set by the [CCO].
. . . .
25.      Shall be prohibited from joining or perusing any public social websites, i.e., Facebook, MySpace, Craigslist, Backpage, etc.
26.      Do not contact (900) telephone numbers that offer sexually explicit material and provide copies of phone records to CCO upon request.
27.      Do not go to or frequent where children congregate, including but not limited to any business where the primary purpose is entertainment or congregation of children, unless otherwise approved by the Court.

CP at 97-98 (alteration in original) (bold omitted). At sentencing, the court struck out condition 18 in appendix F and added condition 27 instead, to make it more clear which places Blackman was barred from. In the sentencing court's view, adding a restrictive phrase to show that Blackman was prohibited from "places where children are the primary focus . . . of the business" made condition 27 preferable to condition 18, which the sentencing court struck out. Verbatim Report of Proceedings (Nov. 14, 2016) at 14.

Blackman appeals.

## ANALYSIS

Blackman challenges the imposition of an affirmative community custody condition and multiple community custody prohibitions, one of which he argues was a scrivener's error. The State concedes that some of the prohibitions were an abuse of discretion because they were not crime related, but argues that a prohibition from frequenting places primarily selling alcohol was proper. We agree with some of Blackman's arguments, and we accept the State's concession.

### I. LEGAL PRINCIPLES

We review de novo whether the trial court had statutory authorization to impose a community custody condition. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). If the trial court had statutory authorization, we review its decision to impose a community custody condition for an abuse of discretion. *Armendariz*, 160 Wn.2d at 110. "As a part of any sentence,

the court may impose and enforce crime-related prohibitions and affirmative conditions as provided in this chapter." Former RCW 9.94A.505(8) (2002).[2]

## II.  AFFIRMATIVE CONDITION

Blackman argues that the sentencing court abused its discretion when it imposed as an affirmative condition the requirement that Blackman obtain a substance abuse evaluation and complete any recommended treatment.  The State argues that the sentencing court had discretion to impose the substance evaluation and treatment condition because alcohol was involved in Blackman's crimes.[3]  We agree with Blackman in part.

## A.  LEGAL PRINCIPLES

The Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, gives a sentencing court discretion if it finds that an offender has "a chemical dependency that has contributed to [his] offense" to order the offender to participate in rehabilitative programs.  Former RCW 9.94A.607(1) (1999).[4]  For this statute to apply, the sentencing court must first find that the

---

[2] Since 2009, the legislature has renumbered this subsection and added language to it.  LAWS OF 2015, ch. 81, § 1; LAWS OF 2015, ch. 287, § 10.  Because of the substantive change, we rely on the version in effect when Blackman committed his crimes.

[3] The dissent claims that the "scope of the order" is not raised by Blackman and faults the majority for "narrow[ing]" the court's order.  Dissent at 19-20.  We disagree that the issue was not raised. Blackman claims that the trial court lacked authority to order substance abuse treatment.  The State responds that the trial court had authority to order substance abuse because alcohol use was crime related.  Thus, whether the trial court had the authority to order an alcohol evaluation and/or treatment is squarely raised by the parties.

[4] The legislature substantively amended RCW 9.94A.607(1) in 2015.  LAWS OF 2015, ch. 81, § 2. We rely on the version of the statute in effect when Blackman committed his crimes.

offender had a chemical dependency that contributed to his offense. *State v. Warnock*, 174 Wn. App. 608, 612, 299 P.3d 1173 (2013).

Separately, the SRA also gives a sentencing court discretion to require an offender to "[p]articipate in crime-related treatment or counseling services." RCW 9.94A.703(3)(c).[5] Chemical dependency evaluations and treatment incorporate both alcohol and other substance evaluation and treatment. *See Warnock*, 174 Wn. App. at 614. If alcohol, but not any other substance, contributed to a crime, evaluation and treatment for substances other than alcohol are not crime related. *State v. Munoz-Rivera*, 190 Wn. App. 870, 893, 361 P.3d 182 (2015).

A sentencing court may also order an offender to "[p]articipate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community." RCW 9.94A.703(3)(d).[6] We read harmoniously RCW 9.94A.703(3)(c)'s requirement that treatment be "crime-related" and RCW 9.94A.703(3)(d)'s discretion to require an offender to perform affirmative conduct reasonably related to the offense's circumstances, the risk of reoffending, or the community's

---

[5] In 2009, the legislature replaced former RCW 9.94A.700(5)(c)-(e) (2003) with RCW 9.94A.703(3)(c), (e)-(f), containing identical language. LAWS OF 2008, ch. 231, §§ 9, 56, 61. Because the language remains substantively the same in RCW 9.94A.703(3)(c) and (f), we rely on the versions of the subsections currently in effect. In 2015, the legislature added to RCW 9.94A.703(3)(e) "possessing or" consuming alcohol. LAWS OF 2015, ch. 81, § 3. Because there has been a substantive change, we will refer to former RCW 9.94A.700(5)(d) (2003).

[6] In 2009, the legislature repealed former RCW 9.94A.715 (2003) and enacted identical language as RCW 9.94A.703(3)(d). LAWS OF 2009, ch. 28, § 42; LAWS OF 2008, ch. 231, §§ 9, 57, 61. Although former RCW 9.94A.715(2)(a) applied to only certain offenses, the crimes Blackman committed were qualifying offenses throughout 2005 to 2010. Former RCW 9.94A.715(1) (citing former RCW 9.94A.411(2) (2000)). When the legislature enacted RCW 9.94A.703(3)(d), it removed the requirement that the conviction be for a qualifying offense. We cite to the current version of the statute because for our purposes, it has remained substantively the same.

safety. *State v. Jones*, 118 Wn. App. 199, 208, 76 P.3d 258 (2003). Thus, treatment ordered under

RCW 9.94A.703(3)(d) must be crime related. *Jones*, 118 Wn. App. at 208.

### B. SUBSTANCE ABUSE EVALUATION AND TREATMENT

The parties argue over the applicability of three separate statutes that could have authorized

the sentencing court to require Blackman to undergo substance abuse evaluation and treatment:

former RCW 9.94A.607(1), RCW 9.94A.703(3)(c) and (d).

### 1. FORMER RCW 9.94A.607(1)

Former RCW 9.94A.607(1) conditioned the sentencing court's authority to order an

offender to participate in rehabilitative programs on a finding that the offender had "a chemical

dependency that contributed to [his] offense." *Warnock*, 174 Wn. App. at 612. Here, the

sentencing court made no such finding. On Blackman's judgment and sentence, the sentencing

court left unchecked the preprinted box stating that it found the defendant had a chemical

dependency that contributed to the offenses. Because the sentencing court did not make the

required finding, former RCW 9.94A.607(1) could not provide the authority to require completion

of chemical dependency evaluation and treatment and thus could not form the basis to require

Blackman to complete "substance abuse" evaluation and treatment.[7] *Warnock*, 174 Wn. App. at

612. Thus, reliance on this statutory basis fails.

---

[7] Both parties appear to agree that "substance abuse" evaluation and treatment includes both alcohol and other substances. Br. of Appellant at 16. We thus treat "substance abuse" as incorporating abuse of alcohol and other substances, similar to the meaning of "chemical dependency." *See Warnock*, 174 Wn. App. at 614; *accord Munoz-Rivera*, 190 Wn. App. at 893 (substance abuse treatment includes alcohol and other substances).

2.       RCW 9.94A.703(3)(c) AND (d)

Next, we examine whether the superior court could impose such a condition under RCW 9.94A.703(3)(c) and (d).  The State argues that because Blackman's crimes involved alcohol, substance abuse evaluation and treatment were both "'crime-related'" and "'reasonably related to the circumstances of the offense'" for RCW 9.94A.703(3)(c) and (d)'s purposes.  Br. of Resp't at 5 (quoting RCW 9.94A.703(3)).  This argument assumes that abuse of alcohol is interchangeable with the abuse of other substances.  Our opinion in *Jones*, however, contradicts this assumption.  *See* 118 Wn. App. at 208.

In *Jones*, the sentencing court had information that the defendant's crimes involved methamphetamine, but not alcohol, use.  118 Wn. App. at 202.  We held that the sentencing court erred when it required the defendant to participate in alcohol counseling because alcohol counseling was not crime related under RCW 9.94A.703(3)(c).  *Jones*, 118 Wn. App. at 207.  We also held that unless alcohol counseling was "crime-related," it could not be imposed under RCW 9.94A.703(3)(d) either.  *Jones*, 118 Wn. App. at 208.  Thus, *Jones* holds that for RCW 9.94A.703(c) and (d)'s purposes, alcohol abuse is not interchangeable with the abuse of other substances, namely methamphetamine.

Other divisions of this court have applied *Jones* to situations similar to that here, where crimes involved alcohol abuse, but not other substance abuse.  *See Warnock*, 174 Wn. App. at 612; *Munoz-Rivera*, 190 Wn. App. at 892.  In *Warnock*, Division One of this court relied on *Jones* and held that where there was no evidence that any substance other than alcohol contributed to the offense, requiring treatment and evaluation for substances other than alcohol was not a "crime-related" condition.  *Warnock*, 174 Wn. App. at 613-14 (citing *Jones*, 118 Wn. App. at 208).  In

8

*Munoz-Rivera*, Division Three of this court applied *Jones* to a situation where there was no evidence that any other substances than alcohol contributed to the offense. 190 Wn. App. at 893 (citing 118 Wn. App. at 207-08). The sentencing court erred when it imposed "substance abuse" evaluation and treatment as a "crime-related" community custody condition. *Munoz-Rivera*, 190 Wn. App. at 893. Thus, the fact that alcohol contributed to Blackman's crimes does not justify imposing substance abuse evaluation and treatment for substances other than alcohol under RCW 9.94A.703(3)(c) and (d).

Finally, the State briefly argues that because Blackman's SSOSA evaluation included a recommendation that he undergo multi-substance screening for "alcohol and *pain medications*," substance abuse evaluation and treatment was crime related. CP at 68 (emphasis added). But the evaluation's recommendation that the screening include pain medications appears to be based solely off Blackman's admission that he was taking an unknown pain medication when he was evaluated in 2016. There is no information in the record to connect pain medications or substances other than alcohol to Blackman's crimes, which occurred between 2005 and 2006 and between 2008 and 2010. Accordingly, the record does not support that any substance other than alcohol contributed to Blackman's crimes.

Neither former RCW 9.94A.607(1) nor RCW 9.94A.703(3)(c) or (d) authorized the sentencing court to require Blackman to complete substance abuse evaluation and treatment for substances other than alcohol. We remand for the sentencing court to narrow the condition to require Blackman to complete only alcohol abuse evaluation and treatment.

### III. CRIME-RELATED PROHIBITIONS AS COMMUNITY CUSTODY CONDITIONS

#### A. LEGAL PRINCIPLES

A sentencing court may order an offender to "[c]omply with any crime-related prohibitions." RCW 9.94A.703(3)(f). A crime-related prohibition is "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10).[8] Further, regardless of whether alcohol consumption was crime related, the sentencing court may bar an offender from "consuming" alcohol. Former RCW 9.94A.700(5)(d).

#### B. SCRIVENER'S ERROR ARGUMENT

Two prohibitions were imposed related to places where children congregate: one in Blackman's judgment and sentence and one in appendix F, condition 27. The sentencing court also struck out a third prohibition that related to places where children congregate, which had been included as condition 18 in appendix F. Blackman argues that including the judgment and sentence prohibition was a scrivener's error because the sentencing court struck out condition 18 in appendix F and included condition 27 instead. The State argues that the sentencing court had authority to only impose both the prohibition in the judgment and sentence and condition 27 in appendix F. We agree with Blackman.

Clerical mistakes in judgments and errors therein arising from oversight or omission may be corrected by the court at any time. CrR 7.8; RAP 7.2(e). We review the record to determine

---

[8] Although renumbered, RCW 9.94A.030(10) has remained substantively unchanged since its reenactment in 2001. *See* LAWS OF 2001, 2D SPEC. SESS., ch. 12, § 301. Thus, we cite to the current subsection.

whether the document embodies the trial court's intention. The remedy for a scrivener's error is to remand to the trial court for correction. *In re Pers. Restraint of Mayer*, 128 Wn. App. 694, 701, 117 P.3d 353 (2005).

Here, the sentencing court expressed concern about the breadth of condition 18 in appendix F because condition 18 did not include the restricting phrase "any business where the primary purpose is entertainment or congregation of children." CP at 98. The sentencing court struck condition 18 and in its place included condition 27 in appendix F that contained the restrictive "primary purpose" language. CP at 98. However, when the sentencing court struck condition 18 from appendix F, the sentencing court neglected to strike the similar prohibition about places where children congregate from Blackman's judgment and sentence. Because this was a scrivener's error, we remand to the sentencing court for correction by striking the condition about places children congregate from Blackman's judgment and sentence.

## C. Not "Crime-Related" Arguments

### 1. State Concessions

Blackman argues that the prohibitions (1) on possessing/accessing sexually explicit materials, (2) on patronizing services providing sexual entertainment, (3) on accessing social websites and possessing or accessing information about minors by computer, (4) related to hitchhiking, and (5) requiring him to abide by a curfew as set by his CCO should be stricken because they are not crime related. The State concedes these issues. We accept the State's concessions and remand for the sentencing court to strike these prohibitions.

a.    POSSESSING/ACCESSING SEXUALLY EXPLICIT MATERIALS

The condition that a defendant refrain from possessing sexually explicit materials is not crime related unless such materials were related to or contributed to the crime. *State v. Kinzle*, 181 Wn. App. 774, 785, 326 P.3d 870 (2014); *see also State v. Norris*, 1 Wn. App. 2d 87, 99, 404 P.3d 83 (2017), *aff'd in part, rev'd in part by State v. Nguyen*, 191 Wn.2d 671, 425 P.3d 847 (2018). Our Supreme Court has also recently implicitly rejected that the fact that the underlying offense was a sex offense is enough to justify prohibiting an offender from possessing pornography. *State v. Padilla*, 190 Wn.2d 672, 682, 416 P.3d 712 (2018).

Three conditions restrict possessing/accessing sexually explicit materials. In Blackman's judgment and sentence he is ordered to "[p]ossess/access no sexually explicit materials." CP at 90. And in appendix F he is ordered, "Do not possess or access any sexually explicit material" and "[d]o not access sexually explicit materials that are intended for sexual gratification." CP at 98.

However, there is no evidence that such materials contributed to or related to the crimes. *See Kinzle*, 181 Wn. App. at 785. And the mere fact that Blackman's underlying convictions were for sex offenses is not enough. *See Padilla*, 190 Wn.2d at 682. Thus, we accept the State's concession and hold that the superior court abused its discretion when it barred Blackman from possessing or accessing sexually explicit materials.

b.    PATRONIZING SERVICES PROVIDING SEXUAL ENTERTAINMENT

Frequenting sex-related businesses is not a crime-related condition simply because the underlying crimes were sex offenses. *Norris*, 1 Wn. App. 2d at 97-98. Three conditions restrict Blackman from patronizing services providing sexual entertainment. In his judgment and

sentence, he is ordered to "[f]requent no adult book stores, arcades, or places providing sexual entertainment." CP at 90. And appendix F orders him not to "frequent adult bookstores, arcades or places where sexual entertainment is provided" and orders, "Do not contact (900) telephone numbers that offer sexually explicit material and provide copies of phone records to CCO upon request." CP at 98.

However, there is no evidence that frequenting places providing sexual entertainment or contacting (900) telephone numbers directly relates to his crimes' circumstances. *See* RCW 9.94A.030(10). Thus, we accept the State's concession and hold that the superior court abused its discretion when it barred Blackman from patronizing services providing sexual entertainment.

     c.       ACCESSING WEBSITES OR INFORMATION ABOUT MINORS BY COMPUTER

A prohibition against accessing social websites is not crime related if there is no evidence that using a social networking website contributed to the offense. *State v. Johnson*, 180 Wn. App. 318, 325, 330, 327 P.3d 704 (2014). Here, two conditions pertain to social websites or computer-accessed information about minors: from Blackman's judgment and sentence—"[p]ossess/access no . . . information pertaining to minors via computer (i.e. internet)"—and from appendix F— "[s]hall be prohibited from joining or perusing any public social websites, i.e., Facebook, MySpace, Craigslist, Backpage, etc." CP at 90, 98.

Because there is no evidence that using social networking websites contributed to Blackman's offenses, we accept the State's concession that the superior court abused its discretion when it barred Blackman from "joining or perusing . . . social websites." CP at 98; *see Johnson*, 180 Wn. App. at 325. Similarly, because there is no evidence that computer-accessed information about minors directly relates to Blackman's offenses, we accept the State's concession that barring

13

Blackman from possessing or accessing such information was an abuse of discretion. *See* RCW 9.94A.030(10).

d. HITCHHIKING

In Blackman's judgment and sentence, the sentencing court imposed a condition prohibiting Blackman from hitchhiking or picking up hitchhikers. However, there is no evidence that hitchhiking or picking up hitchhikers directly related to Blackman's offenses. *See* RCW 9.94A.030(10). Accordingly, we accept the State's concession that prohibiting Blackman from hitchhiking or picking up hitchhikers was an abuse of discretion.

e. ABIDE BY A CURFEW

The sentencing court included in Blackman's judgment and sentence a requirement that he "[a]bide by curfew set by CCO" and in appendix F a requirement that he "[a]bide by a curfew as set by the [CCO]." CP at 90, 98. Although these conditions restrict Blackman's ability to leave his residence, there is no evidence to support that activities outside Blackman's residence directly related to his crimes, which were sexual abuse of his stepchildren. *See* RCW 9.94A.030(10). Indeed, as summarized in the presentence investigation report, the sexual abuse happened in the family home. Because there is no evidence that activities outside his residence directly related to Blackman's crimes, we accept the State's concession that requiring Blackman to abide by a curfew was an abuse of discretion.

D. ALCOHOL-RELATED PROHIBITIONS

1. CRIME RELATED

Blackman and the State dispute whether the sentencing court abused its discretion when it imposed a community custody condition barring him from entering locations where alcohol is the

primary product. We agree with the State that this condition is crime related and accordingly within the sentencing court's discretion.

Here, there is evidence that alcohol directly related to Blackman's crimes: a victim's statement that the victim either witnessed Blackman pass out from drinking or believed Blackman had been drinking on two occasions of abuse and Blackman's admission of drinking heavily during part of the time period when he committed the crimes. Blackman's own sentencing memorandum summarized that the victims both said that Blackman abused them while he was very drunk. Thus, the record controverts Blackman's argument that "[t]here is no evidence in the record that alcohol was directly related to the circumstances of [his] crimes." Br. of Appellant at 14.

Because there is evidence that alcohol was directly related to Blackman's crimes, the sentencing court had tenable grounds and reasons to bar Blackman from entering locations where alcohol was the primary product. RCW 9.94A.030(10).

2.      NOT CONFLICTING

Blackman also argues that the separate conditions prohibiting him from possessing, consuming, or purchasing alcohol and requiring him to consume no alcohol if so directed by his CCO are conflicting, so that one must be struck. We disagree.

The sentencing court imposed two community custody conditions regarding alcohol consumption: the first required Blackman to "[c]onsume no alcohol, if so directed by the CCO," and the second ordered Blackman not to "purchase, possess or consume alcohol." CP at 90, 97. Blackman argues that these conditions are conflicting, but they would be "conflicting" only if they were in opposition or incompatible with each other. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 477. Blackman can comply with both conditions at the same time by refraining from

15

purchasing, possessing, or consuming alcohol, regardless of whether his CCO approves of his consumption of alcohol.

Because he can comply with both conditions simultaneously, they are not conflicting; rather, they overlap. And Blackman provides no case law to support that overlapping community custody conditions are an abuse of discretion.[9] Thus, we decline to remand to strike either condition on alcohol consumption.

## IV. CONCLUSION

The sentencing court abused its discretion when it required Blackman to complete substance abuse evaluation and treatment insofar as it required Blackman to complete nonalcohol substance abuse evaluation and treatment. On remand, the sentencing court must narrow the affirmative condition regarding substance abuse evaluation and treatment to only alcohol abuse evaluation and treatment.

The sentencing court made a scrivener's error when it ordered Blackman "[d]o not loiter or frequent places where children congregate including, but not limited to, shopping malls, schools, playgrounds, and video arcades." CP at 90. On remand, the sentencing court must strike this condition.

---

[9] Blackman cites to *State v. France*, which held that where the record demonstrated that the sentencing court made a scrivener's error when it imposed a no-contact order as a community custody condition instead of a condition of sentence, remand for correction was appropriate. 176 Wn. App. 463, 473, 308 P.3d 812 (2013). He also relies on *State v. Jones*, applying the rule that where a sentence is insufficiently specific about the length of community placement required by law, remand to be more specific is appropriate. 93 Wn. App. 14, 17, 968 P.2d 2 (1998). But these cases do not stand for a rule that overlapping community custody conditions require remand and are accordingly inapposite here.

No. 50221-6-II

The sentencing court also abused its discretion when it ordered Blackman not to possess or access sexually explicit materials, patronize services providing sexual entertainment, access social websites or possess or access information about minors by computer, or hitchhike or pick up hitchhikers and when it ordered Blackman to comply with a curfew. Accordingly, on remand, the sentencing court must strike these conditions. However, the sentencing court was within its discretion to prohibit Blackman from entering places where alcohol was the primary product and from consuming alcohol.

## V. APPELLATE COSTS

Blackman argues that because he is indigent, we should not impose appellate costs. The State agrees. We accept the State's concession that it will not seek appellate costs.

We reverse in part, affirm in part, and remand for proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

I concur:

WORSWICK, P.J.

17

MELNICK, J. (dissent in part) — After Randall G. Blackman pled guilty to child molestation in the first degree and rape of a child in the second degree, the court, as a crime-related prohibition, ordered that he "[o]btain a substance abuse evaluation and successfully complete any and all recommended treatment." Clerk's Papers at 97. Blackman argues that the trial court erred by imposing such a condition because "there was no evidence that substance abuse or chemical dependency played a role" in his crimes. Br. of Appellant at 16. He argues the condition should be stricken.

The majority opinion decides that because Blackman's crimes only involved alcohol, the court abused its discretion because it could only order an alcohol evaluation and not a substance abuse evaluation. For the reasons stated below, I respectfully dissent on this issue.

Blackman only argues that the court should not have ordered a substance abuse evaluation because it was not crime related and did not contribute to the offense. He does not argue the scope of the order exceeds that allowed by law. The majority, however, rules on the scope of the order, an issue not raised by Blackman. Because we should avoid deciding cases on issues not raised by the parties, I disagree with this decision.[10] RAP 12.1.

I do agree with the majority that the court properly ordered a treatment evaluation as a crime-related condition.

The record in this case only speaks of a substance abuse or chemical dependency evaluation. The Department of Corrections made that recommendation in its presentence report.

---

[10] I would note that at the sentencing hearing, nobody objected to the court's imposing any of the crime-related community custody conditions. Although any objection to the conditions is probably not preserved for appeal, the parties do not raise this issue and I am not deciding it on that basis. RAP 2.5(a); RAP 12.1. We do have discretion in this regard. RAP 2.5.

18

Blackman's expert made that same recommendation.[11] The record is void of any evidence that a person can be referred solely for an alcohol evaluation and treatment as opposed to a substance abuse or chemical dependency evaluation. The record is void that any treatment provider does evaluations and treatment only for alcohol abuse.[12]

If the majority is correct, a court should only order a substance abuse evaluation and treatment when there are indications of poly-substance use related to the crime. Under the majority's logic, if the evidence shows a defendant only used, for example, methamphetamine, the court could only order a methamphetamine evaluation and treatment, not a substance abuse evaluation and treatment.

I disagree with remanding to narrow the order. It is important to point out that DSM-5,[13] released in 2013, establishes 10 classes of Substance Use Disorders.[14] DMS-5 at 483. As relevant here, they include alcohol, cannabis, hallucinogens, inhalants, opioid, sedatives, and stimulants addiction. DMS-5 at 483. Treatment of the disorder is appropriate.

In 2015, the legislature amended RCW 9.94A.607(1) and specifically referenced *State v. Warnock*, 174 Wn. App. 608, 299 P.3d 1173 (2013), as a reason for the amendment. LAWS OF

---

[11] Although Blackman's expert made that recommendation because he had concerns about Blackman's alcohol and prescription drug use, there is nothing in the record to show he would have made a different recommendation if he only had concerns with Blackman's alcohol issues.

[12] My experiences, particularly as a judge who presided over a therapeutic court, ch. 2.30 RCW, are that treatment providers assess clients for substance abuse disorders generally and not solely for alcohol abuse.

[13] Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* (5th ed. 2013).

[14] "Note that the word *addiction* is not applied as a diagnostic term in this classification. . . . The more neutral term *substance use disorder* is used to describe the wide range of the disorder." DSM-5 at 485.

2015, ch. 81, § 2. This amendment included the following language. "A rehabilitative program may include a directive that the offender obtain an evaluation as to the need for chemical dependency treatment related to the use of alcohol or controlled substances, regardless of the particular substance that contributed to the commission of the offense." LAWS OF 2015, ch. 81, § 2.

> In making this amendment, the legislature stated,
>
> Crime-related prohibitions are defined to include prohibition on the use or possession of alcohol, cannabis, or controlled substances if the court finds that any chemical or substance abuse contributed to the offense. If a court finds that any chemical dependency contributed to the offense, the court may order participation in rehabilitative programs for alcohol, cannabis, or controlled substances as a condition of the sentence regardless of the particular substance that contributed to the offense. The court may impose a prohibition on the use or possession of alcohol, cannabis products, or controlled substances regardless of whether a chemical dependency evaluation is ordered.

S.B. 5104, 64th Leg, Reg. Sess., at 2 (Wash. 2015).

Lastly, it is important to point out that the language in the pattern judgment and sentence forms orders an evaluation for substance abuse disorder. *See* http://www.courts.wa.gov/forms/?fa=forms.contribute&formID=18.

As reflected by the professional recommendations in this case and the above-cited materials, I believe that all of these references demonstrate the need to treat the substance abuse disorder or the disease of addiction holistically rather than dissecting it down to the particular substance that the person abused. For these reasons, I agree with the majority that the court properly ordered an evaluation and compliance with treatment recommendations as a crime-related

prohibition.  I dissent from the majority's conclusion that the order should be narrowed.  I would

affirm the trial court on this issue.

                                           _____

                                                 Melnick, J.